```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

MICHAEL CAPIZZI and            )
CATHERINE CAPIZZI,             )
         Plaintiffs,           )
                               )
     v.                        )    C.A. No.   04-10533-DPW
                               )
STATE RESOURCES CORP. and      )
KEVIN DUFFY,                   )
         Defendants.           )

ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

For the reasons stated below, the motion for a temporary restraining order is denied.

FACTS

On March 16, 2004, plaintiff Michael Capizzi filed a complaint and a motion for a temporary restraining order enjoining his eviction from a residence in Lincoln, Massachusetts.[1]

---

[1] The motion and complaint list both Mr. Capizzi, and his wife, Catherine Capizzi as plaintiffs, but both documents are signed only by Michael Capizzi.  Absent a court order to the contrary, each party proceeding pro se must sign papers that are filed in this Court.  See Fed. R. Civ. P. 11(a) (every pleading, written motion, and other paper shall be signed. . .if the party is not represented by an attorney, shall be signed by the party).  As a non-attorney, Michael Capizzi may only represent himself and not other party.  See Feliciano v. DuBois, 846 F. Supp. 1033, 1039 (D. Mass. 1994) ("an individual who is not an attorney admitted to practice in this court cannot be allowed to represent any other person, any class, or other legal entity."); L.R. 83.5.3(c) ("A person who is not a member of the bar of this court. . . . will be allowed to appear and practice before the court only in his own behalf.").  Thus, I will construe these motions as being filed by Michael Capizzi only.

Capizzi names State Resources Corp. ("States"), a corporation that holds the mortgage on the residence, and Kevin Duffy, the buyer of the residence at auction, as defendants.  Capizzi states that pursuant to a writ of eviction issued by the Concord District Court, a constable will levy on the writ on Wednesday, March 17 and evict him and his wife from the residence.  Complaint, p. 3.

This action is not the first action filed in this Court by Capizzi concerning the Lincoln residence.  In July 2001, Michael and Catherine Capizzi filed a suit against States alleging, among other things, that States had breached the terms of the Amended Note and loan documents for the property.  <u>Capizzi, et al. v. States Resources Corp.</u>, C.A. No. 01-11298-DPW (the "First Action").  I dismissed the First Action without prejudice because the Capizzis failed to meet their discovery obligations and prosecute their claims.  In December 2002, the Capizzis once again filed suit against States and also requested an order enjoining States from conducting a mortgage sale of the Lincoln residence.  <u>Capizzi, et al. v. States Resources Corp.</u>, C.A. No. 02-12319-DPW (the "Second Action").  I dismissed the Second Action with prejudice pursuant to Fed. R. Civ. P. 41(b) on June 9, 2003 because plaintiffs had failed to plead or defend against States' counterclaims.  I granted judgment for States in the amount of

$875,203.38.

In the instant complaint, Capizzi claims that he is entitled to a temporary restraining order and relief from judgment in the Second Action pursuant to Fed. R. Civ. P. 60(b)(1)-(3) because (1) States allegedly presented a fraudulent affidavit to this Court in that action; and (2) States allegedly ignored Capizzi's requests to reinstate the mortgage on the property.  Complaint, p. 3-4. Capizzi also claims that he told defendant Duffy, the buyer of the residence at auction, that he was not in default at the time of sale.  Id. at p. 4.

## ANALYSIS

I.  The Standard for Issuing
    A Temporary Restraining Order

A party seeking an ex parte temporary restraining order must allege, in an affidavit or verified complaint, that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion.  Fed. R. Civ. P. 65(b).[2]  The applicant must also

---

[2] Rule 65(b) states that:
> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse

certify the efforts, if any, which have been made to give that notice and the reasons supporting the claim that notice should not be required.  Id.

A party seeking a temporary restraining order also must demonstrate (1) a likelihood of success on the merits; (2) a potential for irreparable injury; (3) that the balance of the relevant equities favors him; and (4) the public interest would not be adversely affected by an injunction.  Levesque v. State of Maine, 587 F.2d 78, 80 (1st Cir. 1976); accord Latin Am. Music Co. v. Cardenas Fernandez & Assoc., Inc.  No. 00-1443, 2001 WL 196742, at *1 n. 2 (1st Cir. Feb. 23, 2001) (same); see Butler v. Maine Sup. Jud. Ct., 758 F. Supp. 37, 38 (D. Me. 1991) (applying criteria).

    A.   Failure to Certify Efforts to Notify the Defendants

As an initial matter, plaintiff's request for injunctive relief fails because plaintiff has not certified his efforts to notify defendants of this motion, a requirement of minimum due

---

> party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

process. Thompson v. Ramirez, 597 F. Supp. 726, 726 (D. P.R. 1984) (denying temporary restraining order, in part, where there had been no certification to court in writing, of the efforts, if any, of notification to adverse parties). However, because plaintiff Capizzi is proceeding pro se, I have considered his claims and I deny his motion for injunctive relief because he has not sufficiently demonstrated a likelihood of success.

    B.  Likelihood of Success

Establishing a likelihood of success on the merits is "critical" to a successful application for preliminary injunctive relief, and a party who is unable to convince the trial court that they will probably succeed on the merits is not eligible for interim injunctive relief. Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). Thus, a request for injunctive relief may be denied for failing to demonstrate a likelihood of success standing alone. See New Comm Wireless Servs., Inc. v. Sprintcom, Inc., 287 F.3d 1, 13 (1st Cir. 2002).

    1.  The Anti-Injunction Act

As an initial matter, the relief that Capizzi seeks is essentially an order enjoining the execution of a writ issued by a Massachusetts state court. To the extent that plaintiff's request for injunctive relief may be deemed an attempt to stay proceedings

in the Concord District Court, the Anti-Injunction Act bars this suit.

The Anti-Injunction Act, 28 U.S.C. § 2283, provides that a federal court may not grant an injunction to stay proceedings in a state court unless one of three narrowly-defined exceptions are met.[3]  Section 2283 acts as an absolute prohibition against enjoining state court proceedings unless the injunction falls within one of three listed exceptions.  Garcia v. Bauza-Salas, 862 F.2d 905, 907 (1st Cir. 1988).

The three exceptions are narrowly construed and require "proper respect for principles of federalism and comity[.]"  See Casa Marie v. Superior Court of Puerto Rico, 988 F.2d 252, 262 (1st Cir. 1993).  Because plaintiff has failed to demonstrate how his request for injunctive relief falls into any of these exceptions, Section 2283 appears to bar plaintiff's requested relief.  Id.

   2.  The Rooker-Feldman Doctrine

Lower federal courts are without subject-matter jurisdiction

---

[3]Section 2283 provides:

>       A court of the United States may not grant an
>       injunction to stay proceedings in a State
>       court except as expressly authorized by Act
>       of Congress, or when necessary in aid of its
>       jurisdiction, or to protect or effectuate its
>       judgments.

28 U.S.C. § 2283.

6

to sit in direct review of state court decisions pursuant to the Rooker-Feldman[4] doctrine. See, e.g., Hill v. Town of Conway, 193 F.3d 33, 34 (1st Cir. 1999) (citing Wang v. New Hampshire Bd. of Registration, 55 F.3d 698, 703 (1st Cir. 1995)) (describing Rooker-Feldman doctrine). The jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United State Supreme Court. See Feldman, 460 U.S. at 482-86; Rooker, 263 U.S. at 415-16.

The Rooker-Feldman doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 286 (1983) ("Federal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.") (internal quotation omitted); accord Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994) (Rooker-Feldman

---

[4] The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). See Hill, 193 F.3d at n. 1 (describing history of doctrine).

doctrine bars "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights); Mandel v. Town of Orleans, 326 F.3d 267, (1st Cir. 2003) (Rooker-Feldman doctrine precludes a lower federal court from entertaining a proceeding to reverse or modify a state-court judgment or decree to which the assailant is a party).

A federal claim is "inextricably intertwined" with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Hill, 193 F.3d at 39.  Here, to the extent that plaintiff's complaint may be read as attempting to appeal the decision of the Concord District Court granting the writ of eviction to this Court or as an attempt to claim that the Concord District Court wrongly issued the writ of execution, it is subject to dismissal under the Rooker-Feldman doctrine.  Rene v. Citibank, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) (dismissing complaint that implicated propriety of state judgment of foreclosure and eviction); Dickerson v. Leavitt Rentals, 995 F. Supp. 1242, 1246-1247 (D. Kan. 1998) (dismissing eviction proceeding claims); see Hill, 193 F.3d 33 at 34 (dismissing).

3. Rule 60(b)

Rule 60(b) of the Federal Rules of Civil Procedure authorizes a court to grant a party relief from a prior final judgment for certain enumerated reasons.  Because Rule 60(b) is a vehicle for "extraordinary relief," motions invoking this rule are granted "only under exceptional circumstances."  Lepore v. Vidockler, 792 F.2d 272, 274 (1st Cir. 1986); cf. Geo. P. Reintjes Co. v. Riley Stoker Corp., 71 F.3d 44, 49 (1st Cir. 1995) (Rule 60(b) does not license a party to re-litigate, whether via motion or independent action, any issues that were made or open to litigation in the former action where he had a fair opportunity to make his claim or defense) (citations omitted).

Capizzi bases his claims on subsections (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); and (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.[5]  Fed. R. Civ. P. 60(b).

---

[5]Fed. R. Civ. P. 60(b) provides that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a

However, based on the sparse allegations of the complaint, it does not appear that any of these subsections are implicated. Rule 60(b)(1) relief applies where a court finds that a litigant has been unduly denied the right to a decision on the merits of the case as a result of a negligent act on the part of the litigant or other persons and such negligence is excused. <u>Corliss v. Barnhart</u>, 225 F. Supp. 2d 104, 106 (D. Mass. 2002). Rule 60(b)(2)'s "newly discovered evidence" provision requires a showing that (i) evidence has been discovered since trial; (ii) the evidence could not by due diligence have been discovered earlier by the movant; (iii) the evidence is not merely cumulative or impeaching; and (iv) the evidence is of such a nature that it would probably change the result were a new trial to be granted. <u>United</u>

---

final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

States Steel v. M. DeMatteo Const. Co., 315 F.3d 43, 52 (1st Cir. 2002). To prevail under Rule 60(b)(3) party must demonstrate by clear and convincing evidence how an adverse party's alleged misconduct prevented him from fully and presenting his case in the district court. Karak v. Bursaw Oil Corp., 288 F.3d 15, 21 (1st Cir. 2002).

None of these subsections appear to be implicated by Capizzi's conclusory allegations that States submitted a "fraudulent" affidavit and that States allegedly ignored his requests for reinstatement. Capizzi makes no factual allegations indicating why or how this unidentified affidavit was "fraudulent" or even when or how he allegedly discovered this information. Thus, Capizzi does not appear to be entitled to relief under any of these provisions of Rule 60(b). See, e.g., Corliss, 225 F. Supp. at 106 (denying motion where party offered no excuse or explanation for lapse); M. DeMatteo Const. Co., 315 F.3d at 52 (affirming denial of motion; at the very least, party must offer a convincing explanation as to why he could not have proffered the crucial evidence at an earlier stage of the proceedings); Karak, 288 F.3d at 21 (affirming denial of motion; party failed to meet either prong of Rule 60(b)(3)); cf. Geo. P. Reintjes Co., 71 F.3d at 49 (holding that a showing of

perjury, without more, is insufficient to entitle a party to relief from judgment under Rule 60(b)(3)).

CONCLUSION

ACCORDINGLY, this Court finds that plaintiff Capizzi has failed to demonstrate a substantial likelihood of success, and his request for injunctive relief is DENIED. SO ORDERED.

Dated at Boston, Massachusetts, this <u>16th</u> day of <u>March</u>, 2004.

<u>s/ Douglas P. Woodlock</u><br>
DOUGLAS P. WOODLOCK<br>
UNITED STATES DISTRICT JUDGE